IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NEXTPULSE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 22 C 3239 |
| v. | ) | |
| | ) | Magistrate Judge |
| LIFE FITNESS, LLC, | ) | Maria Valdez |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

Maria Valdez, Magistrate Judge.

On the Court's own motion, a rule to show cause was entered against attorney Kathryn Curry to show why she should not be sanctioned for including false case citations in a brief filed in this matter. The Court now respectfully recommends that Ms. Curry be penalized in the amount of $5,000, payable to the Clerk of the Court, and that the matter be referred to the Executive Committee for possible further action.

**BACKGROUND**

On November 26, 2024, Defendant filed a motion to compel Plaintiff to respond to certain discovery requests. [Doc. No. 140.] A motion hearing was set for December 18, 2024, and Plaintiff was ordered to file a response by December 11, 2024. The response was timely filed on Tuesday, December 10, 2024. [Doc. No. 144.] The response brief discussed, in part, the "Seventh Circuit's framework" for the amount of specificity required in identifying trade secrets with particularity, citing

*Harris v. Springfield*, 634 F.3d 622 (7th Cir. 2011), *Trafalgar Power, Inc. v. Gessner*, 455 F.3d 354 (7th Cir. 2006), and *IDX Sys. Corp. v. Epic Sys. Corp.*, 285 F.3d 581 (7th Cir. 2002). (12/10/24 Resp. at 5-6.) These cases were also listed in a prefatory Table of Authorities. (12/10/24 Resp. at ii-iii.) The brief was signed by lead counsel Kathryn Curry (appearing *pro hac vice*), and the names of local counsel Sara Tonnies Horton, Michael G. Babbitt, and Skyler J. Silvertrust were also listed on the signature block.

Two days later, December 12, 2024, attorney Mark R. Bagley filed an appearance as local counsel, [Doc. No. 145], and the following day, Horton, Babbitt, and Silvertrust filed motions to withdraw as Plaintiff's counsel, [Doc. Nos. 146-48.] Those motions were unopposed and were granted by the District Judge on December 13, 2024.

Plaintiff then filed, on Monday, December 16, 2024, a document entitled "Notice of Errata and Errata to Its Response to Defendant's Motion to Compel Further Responses to Interrogatories." [Doc. No. 151.] This document stated:

> PLEASE TAKE NOTICE that Plaintiff Nextpulse LLC's Response to Defendant's Motion to Motion filed on December 10, 2024, inadvertently contains citations to two cases that do not exist—*Harris v. Springfield*, 634 F.3d 622 (7th Cir. 2011) and *Trafalgar Power, Inc. v. Gessner*, 455 F.3d 354 (7th Cir. 2006). The cases are cited on page 5 and 6 of the response and should be ignored. Counsel for Nextpulse LLC, Kathryn C. Curry, noticed the incorrect cases before the response was finalized and had removed them from the brief, but then inadvertently filed the wrong version of the response that still had the citations. In addition, the citation to *IDX Sys. Corp.*, 285 F.3d at 583 on page 6 for the quote "clearly refer[s] to tangible trade secret material" is incorrect. The correct cite for that quote is *Imax Corp. v. Cinema. Techs., Inc.*, 152 F.3d 1161, 1164 (9th Cir. 1998).

2

> Ms. Curry profusely apologizes to the Court and co-counsel for the errors.

(*Id.*) Plaintiff never filed a version of the response with the false citations removed.

Plaintiff's counsel Ms. Curry did not personally appear at the December 18 motion hearing. Instead, brand new local counsel Mr. Bagley stood up on Plaintiff's behalf. He was unprepared to discuss the matter of the false cases and knew nothing other than what was stated in the Notice of Errata.

The Court entered and continued the motion to January 8, 2025, and further entered a rule to show cause requiring Ms. Curry to personally appear at that hearing to address "the errors in Plaintiff's response brief, including but not limited to those disclosed in the 'errata' thereto." (12/18/24 Minute Order) [Doc. No. 152]. Ms. Curry later advised the Court she could not travel to Chicago on that date or any other day in January, and the show cause hearing was eventually reset to February 12, 2024.[1]

Ms. Curry stated that she filed an errata rather than a corrected or amended brief in order to get the error into the public record immediately. The Court noted the claim in the errata that the wrong version of the brief was filed and asked Ms. Curry why it was simply not withdrawn and replaced with the correct, finalized version. Ms. Curry claimed she did not believe she "was authorized to do that." (2/12/25 Hr'g Tr. at 4) [Doc. No. 170]. However, she neither moved for authorization

---

[1] Defendant's motion to compel was granted in a December 31, 2024, minute order based on the deficiency of the response brief.

3

nor asked local counsel what the procedure in this district is to remedy the error. (*Id.* at 7.)

As for the reason the false case cites were used, Ms. Curry claimed she was working in her office on Sunday, December 8, 2024, along with her eighth-grade daughter, who was writing essays for high school application. At some point, Ms. Curry decided to educate her daughter about the temptation to use AI. To illustrate the point about how fake cases could be created, she prompted ChatGPT to state the general rule in the Seventh Circuit on trade secret specificity, which was at issue in Defendant's motion to compel. The AI search generated case quotes and citations, and "I copied it and put it in my brief to show her, look, this looks real and they are fake." (*Id.* at 5.) Ms. Curry and her daughter also prompted ChatGPT about Ms. Curry's grandfather, who was a subject of one of her daughter's essays: "And so I said, look, let's put him in so you can see. Again, the law kind of went over her head. And so half of it came out true and the other half just blatant false, incorrect statements." (*Id.*) They left the office after finishing up and submitting the school essays, without working on the brief any further.

Ms. Curry testified that she did not return to the brief until the following afternoon. While she was preparing it to send to the client, she noticed the false case names in the Table of Cases: "And when I got it back and I thought it was final and I -- I was doing it all myself to get it prepped and ready to go to the paralegal to do -- run a table and then to file -- I noticed -- I remembered the cases. I was going back through it. I was like, oh, my God, thank God, how horrible would that have

4

been." (*Id.* at 6.) She states that she changed those cases and made other edits, and then it was finalized. However, she claims she mistakenly did not save the edited version as the final brief, so she sent the one with false cases to her paralegal for filing.

Ms. Curry was unaware of the error until local counsel, who planned to argue the motion, advised her they could not locate two cases. She claims this conversation happened "I don't know five days later." (*Id.*) Ms. Curry asserted that after confirming she had filed the same version that was sent to local counsel, she "did the errata right away because I knew I had to let counsel and the Court know." (*Id.* at 7.)

## DISCUSSION

Courts have long been held to have certain implied powers, "necessary to the exercise of all others, . . . to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates."[2] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (citations and quotations omitted). In crafting a sanction, courts should be mindful that "inherent powers must be exercised with restraint and discretion," and "[a] primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers*, 501 U.S. at 44-45; *see also Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009) ("[W]e review all

---

[2] Sanctions under Federal Rule of Civil Procedure 11 are inappropriate in this case, as the offending brief was a response to a discovery motion. Fed. R. Civ. P. 11(d) ("This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37.").

5

discovery sanctions for abuse of discretion and will uphold a district court's decision so long as it could be considered reasonable.").

Unlike many recent cases, this is not one where the attorney claims not to have known that generative AI "research" would result in hallucinated citations and arguments. *Cf. Bunce v. Visual Tech. Innovations, Inc.*, No. 23-1740, 2025 WL 662398, at *1 (E.D. Pa. Feb. 27, 2025); *Wadsworth v. Walmart Inc.*, -- F.R.D. --, No. 2:23-CV-118-KHR, 2025 WL 608073, at *3 (D. Wy. Feb. 24, 2025); *Mid Central Operating Eng'rs Health & Welfare Fund v. Hoosiervac LLC*, No. 2:24-cv-00326-JPH-MJD, 2025 WL 574234, at *1-2 (S.D. Ind. Feb. 21, 2025). To the contrary, Ms. Curry claims she intentionally generated false case cites and quotations in an effort to educate her daughter about the dangers of the use of AI. But her "teachable moment" defense beggars belief; the lesson would have been complete after the prompt generated the fake cases, quotes, and/or paraphrases. It is not credible that Ms. Curry needed to insert them into the brief to make her point. Moreover, even if it truly were a mistake, that would not be a defense to the imposition of sanctions. *See Mid Central*, 2025 WL 574234, at *1-2 ("Courts have consistently held that failing to check the treatment and soundness – let alone the existence – of a case warrants sanctions.").

Ms. Curry's tale is also undermined by the fact that the ChatGPT cases form the entirety of her argument related to the "Seventh Circuit's framework" of the specificity requirement. If the generative AI portion were an afterthought, one would expect it to be superfluous and duplicative of her true research. But the only

non-fictitious case supporting Plaintiff's argument about "reasonable particularity" is a 2007 case from the Northern District of Georgia. It can be inferred that the Seventh Circuit cases were created because she did not, or could not, find support for the argument in the Seventh Circuit or even this district.

The general lack of candor is also shown by Ms. Curry's multiple statements that she did not file a corrected brief or notify opposing counsel of the error because she was "scrambling" after learning of the problem. The timeline surrounding the discovery of the error and her efforts to correct it does not ring true. Ms. Curry did not specify which local counsel advised her of the error "five days later." At the time of the false filing, the Willkie attorneys were local counsel and had been acting in that capacity since the case was filed in June 2022. Mr. Bagley did not file an appearance until two days after the brief was filed, and Willkie withdrew the day after that. It is not credible to believe that for reasons unrelated to the false filing, Plaintiff suddenly decided to change local counsel and bring Mr. Bagley into a nearly three-year-old case to argue a contested motion less than a week later. Thus, it can reasonably be inferred that an attorney from Willkie was the one who intended to argue the motion and contacted Ms. Curry about the false cases in the brief. It can also be inferred that they contacted her not five days after the filing, as she claimed, but less than two days later, prior to their withdrawal. Accordingly, the Notice of Errata was not filed for at least four or five days after Ms. Curry would have been notified of the error.

7

Based on her inclusion of fraudulent case law in her brief, her failure to use the expertise of local counsel to properly and immediately rectify the alleged mistake, and especially the lack of truthfulness in her explanations of the compounded errors, the Court finds that Ms. Curry's use of generative AI demonstrates bad faith, and it was "designed to obstruct the judicial process"; therefore, the conduct is sanctionable under the Court's inherent authority. *See Fuery v. City of Chicago*, 900 F.3d 450, 463-64 (7th Cir. 2018).

The range of possible sanctions is broad and can include dismissal of a lawsuit, an award of attorneys' fees, censure, and revocation of *pro hac vice* admission. *See Chambers*, 501 U.S. at 43, 45; *Fuery*, 900 F.3d at 463; *Foreman v. Wadsworth*, 844 F.3d 620, 627 (7th Cir. 2016); *Wadsworth*, 2025 WL 608073, at *3; *Arkeyo, LLC v. Saggezza Inc.*, No. 19 C 8112, 2022 WL 22871455, at *1 (N.D. Ill. May 5, 2022). Ms. Curry's actions, while outrageous, have not been part of an egregious pattern of behavior that would warrant the ultimate sanction of dismissal. An award of attorneys' fees to Ms. Curry's opposing counsel would not be appropriate, as they did not bring to the Court's attention the AI cases or the other significant deficiencies the Court identified in the brief. Revocation of Ms. Curry's *pro hac vice* admission would likely be justified but would be a functional nullity, as the matter has recently settled, and dismissal documents are expected to be filed shortly.

The Court concludes that a monetary sanction in the amount of $5,000 would adequately serve to punish Ms. Curry for her dishonesty and deter future

misconduct by her and others and respectfully recommends that the sanction be imposed against her. *See Sanders v. Melvin*, 25 F.4th 475, 482 (7th Cir. 2022); *see also Mid Central*, 2025 WL 574234, at *3 (collecting cases) (noting that courts have penalized attorneys $2,000 to $5,000 for using AI to generate non-existent cases). The Court further recommends that the matter be referred to the Executive Committee for their consideration of potential additional penalties.

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that (1) a monetary sanction in the amount of $5,000 be imposed against attorney Kathryn Curry; and (2) the matter be referred to the Executive Committee for their review. Counsel has fourteen days from the date of service of this Court's Report and Recommendation to file objections with the District Court. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Failure to object constitutes a waiver of the right to appeal. *Tumminaro v. Astrue*, 671 F.3d 629, 633 (7th Cir. 2011).

**SO ORDERED.**  **ENTERED:**

*[signature: Maria Valdez]*

**DATE:   March 7, 2025**  _____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**